FILED

1  ROGER W. CLARK, ESQ. (#108982)
   Email: rclark@cgold.cc
2  **CLARK, GOLDBERG & MADRUGA**
3  11400 W. Olympic Boulevard, Suite 1150
   Los Angeles, California 90064
4  Telephone: (310) 478-0077
5  Facsimile: (310) 478-0099

2009 FEB 13 PM 4:56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6
7  Attorneys for Plaintiff, **KHALED AL HASSEN**

8
9          THE UNITED STATES DISTRICT COURT

10   FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

11  KHALED AL HASSEN                )   CASE NO. **CV09-1106 MAN**
12                                  )
13          Plaintiff,              )   **COMPLAINT OF KHALED AL**
                                    )   **HASSEN FOR:**
14      vs.                         )
                                    )   1) **VIOLATION OF 28 U.S.C.**
15  SHEIKH KHALIFA BIN ZAYED AL     )      **§1350;**
16  NAHYAN, an individual; SHEIKH   )   2) **ASSAULT AND BATTERY;**
    MOHAMED BIN ZAYED AL            )   3) **FALSE ARREST AND**
17  NAHYAN, an individual; GENERAL  )      **IMPRISONMENT;**
    SAEED HILAL ABDULLAH AL         )   4) **INTENTIONAL INFLICTION**
18  DARMAKI, an individual; and DOES 1 )    **OF EMOTIONAL DISTRESS;**
19  to 10, inclusive,               )   5) **CIVIL CONSPIRACY**
                                    )
20                                  )
            Defendant(s)            )   **[JURY TRIAL REQUESTED]**
21  ──────────────────────────────  )

22
23
24
25
26
27
28

1

Plaintiff, KHALED AL HASSEN (hereinafter referred to as "Plaintiff" or "Hassen"), hereby brings this Complaint against Defendants, SHEIKH KHALIFA BIN ZAYED AL NAHYAN, an individual; SHEIKH MOHAMED BIN ZAYED AL NAHYAN, an individual; GENERAL SAEED HILAL ABDULLAH AL DARMAKI, an individual (hereinafter collectively referred to as "Defendants"), and DOES 1 to 10, and alleges as follows:

## PRELIMINARY STATEMENT

1.      On the evening of January 11, 1984 Plaintiff Khaled Al Hassen, an American citizen naturalized in 1975, was abducted, detained and brutally tortured in Abu Dhabi, United Arab Emirates, at the direction of defendants, and under actual or apparent authority of the government of the United Arab Emirates ("UAE"). Mr. Hassen was never charged with any crime or any other offense in violation of the laws of the United Arab Emirates, either at any time before or during his imprisonment. Almost two years after his abduction and imprisonment, Plaintiff was released on November 4, 1985.

2.      This is a civil action for compensatory and punitive damages in violation of 28 U.S.C. §1350 and for torts arising from the severe pain and suffering resulting from torture and cruel, inhuman and/or degrading treatment or punishment intentionally perpetrated against Plaintiff by Defendants, while Plaintiff was under the physical

control of Defendants.  The Defendants named as Does 1-10, are co-conspirators responsible for perpetrating torture against Plaintiff whose identities are not now known to Plaintiff but who Plaintiff reasonably believes will become known to Plaintiff during the course of this litigation.

3.      Defendants, and each of them, acted in concert under the actual or apparent authority, or color of law of the UAE, to plan, carry out and cover up the abduction, torture and wrongful imprisonment of Plaintiff.

## JURISDICTION AND VENUE

4.      This court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 (federal question), §1332 (diversity), § 1350 (Torture Victim's Protection Act), and § 1367 (supplemental jurisdiction).

5.      28 U.S.C. § 1331 provides for original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1332 provides diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1350 provides federal jurisdiction over any case or controversy arising from torture of an individual carried out "under actual or apparent authority, or color of law, of any foreign nation."  Plaintiff Khaled Al Hassen is a citizen of the United States, naturalized in 1975.

CLARK, GOLDBERG & MADRUGA
. ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX

3

6.     On information and belief, at all relevant times, the conduct of Defendants alleged herein were in violation of the laws of the United Arab Emirates.

7.     Plaintiff's causes of action also arise under the Torture Victims Protection Act, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at Title 28 U.S.C. 1350), the laws of the State of California, and the laws of the UAE.

8.     Venue is proper in the United States Federal Court for the Central District of California pursuant to 28 U.S.C. §§ 1391 (b) and (d).

## PARTIES

9.     Plaintiff Khaled Al Hassen is a citizen of the United States, naturalized in 1975.  At the time of plaintiff's abduction, plaintiff was a naturalized United States citizen who had entered into a contract with International Trading Circle ("ITC"), a United Arab Emirates consulting firm.  ITC was owned and operated by Sheikh Shaya Bin Ahmed Al Hamed, another member of the royal family of Abu Dhabi, and a rival of Defendants.  Under the contract between plaintiff and ITC that was entered into in the United States, plaintiff was to serve as the manager of ITC, and be responsible for facilitating business development between Abu Dhabi and Western industry.

10.     On information and belief, Defendant Sheikh Khalifa Bin Zayed Al Nahyan ("Defendant Sheikh Khalifa") is a native, citizen, and resident of UAE.  At all relevant times herein, Defendant Sheikh Khalifa was the head of the UAE army and

4

head of the UAE State Security Agency, but acted outside of the scope of his official position with the government of UAE, and with the implied permission and consent of the government of UAE, when he engaged in the extra judicial acts against plaintiff alleged herein. On information and belief, at all relevant times, Defendant Sheikh Khalifa has purposefully availed himself to the benefits of United States law and/or has sustained continuous and systematic minimum contacts with the United States so that the exercise of jurisdiction over Defendant in the Central District of California is consistent with the limits of due process. Moreover, Defendant Sheikh Khalifa has purposefully directed activities toward the United States by acts intended to disrupt the contractual relationship between ITC and plaintiff, and plaintiff's activities in the United States on behalf of ITC.

11.     On information and belief, Defendant Sheikh Mohamed Bin Zayed Al Nahyan ("Defendant Sheikh Mohamed") is a native, citizen, and resident of UAE. At all relevant times herein, Defendant Sheikh Mohamed was a Major with the UAE Air Force, but acted outside of the scope of his official position with the government of UAE, and with the implied permission and consent of the government of UAE, when he engaged in the extra judicial acts against plaintiff alleged herein. On information and belief, at all relevant times, Defendant Sheikh Mohamed has purposefully availed himself to the benefits of United Sates law/or has sustained continuous and systematic minimum contacts with the United States so that the exercise of jurisdiction over

5

Defendant in the Central District of California is consistent with the limits of due process. Moreover, Defendant Sheikh Mohamed has purposefully directed activities toward the United States by acts intended to disrupt the contractual relationship between ITC and plaintiff, and plaintiff's activities in the United States on behalf of ITC.

12. On information and belief, Defendant General Saeed Hilal Abdullah Al Darmaki ("Defendant General Saeed Hilal") is a native, citizen, and resident of UAE. At all relevant times herein, Defendant General Saeed Hilal was the State Minister for Interior Affairs of the UAE and the commander of the detention facility in which plaintiff was held, but acted outside the scope of his official position with the government of UAE, and with the implied permission and consent of the government of UAE, when he engaged in the extra judicial acts against plaintiff alleged herein. On information and belief, at all relevant times, Defendant General Saeed Hilal has purposefully availed himself to the benefits of United States law and/or has sustained continuous and systematic minimum contacts with the United States so that the exercise of jurisdiction over Defendant in the Central District of California is consistent with the limits of due process. Moreover, Defendant General Saeed Hilal has purposefully directed activities toward the United States by acts intended to disrupt the contractual relationship between ITC and plaintiff, and plaintiff's activities in the United States on behalf of ITC.

//

6

13.     Plaintiff is ignorant of the true names and/or capacities of Defendants names as DOES 1-10, inclusive, but alleges that each said fictitiously named Defendant is responsible in some manner for the injuries, damages, and/or harm alleged herein. Plaintiff therefore sues said Defendants under said fictitious names.  When Plaintiff learns the true names and/or capacities of the fictitiously named Defendants, then Plaintiff will seek leave of Court to amend the Complaint to allege their true names and/or capacities.

## GENERAL ALLEGATIONS

14.     At approximately six o'clock p.m. on the evening of January 11, 1985, Defendants abducted or caused the abduction of Plaintiff in Abu Dhabi, United Arab Emirates, while Plaintiff was under contract with ITC and acting in the course and scope of his employment.  The abduction was extra judicial in all respects and without any basis under the laws of the UAE.

15.     Defendants directly or through surrogates immediately confined Plaintiff in a windowless cell and subjected Plaintiff to continuous interrogation and torture in violation of the law of nations, the law of UAE, and the law of the United States. Plaintiff's detention did not end until November 4, 1985, when Defendants finally released him.

CLARK, GOLDBERG & MADRUGA
, ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX

7

16.     At no time preceding or during Plaintiff's incarceration did the government of the UAE charge Plaintiff with the commission of any crime or any other offense in violation of the laws of the United Arab Emirates or the law of nations.

17.     At all relevant times, Defendants acted in concert to plan, carry out and cover up the torture perpetrated against Plaintiff.

18.     On information and belief, at all relevant times, the United Arab Emirates is a federation of seven semi-autonomous emirates, with an estimated resident population of approximately 4.5 million, of which only twenty-one percent are citizens. The seven emirate rulers constitute the Federal Supreme Council, the highest legislative and executive body, of which defendant Sheikh Khalifa, ruler of the Abu Dhabi Emirate, has been appointed President of head of state.   The UAE has a federal Ministry of Interior that oversees the Police General Directorates in each of the seven emirates. However, each emirate maintains its own police force and supervises the police stations therein.  The UAE also has a federal Ministry of Defense that is comprised of the UAE Army, Navy, including Marines and Coast Guards, Air and Air Defense Force.

19.     The UAE constitution prohibits torture and arbitrary arrest or detention, and the conduct of Defendants, and each of them, acting personally or through their surrogates, as alleged herein, were entirely extra judicial in nature.

//

//

8

CLARK, GOLDBERG & MADRUGA
ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX

20.   The extra judicial conduct of Sheikh Khalifa, alleged herein, was not committed in his capacity as a government official, nor pursuant to any of Sheikh Khalifa's official acts as the head of the UAE military and/or the head of the UAE State Security Agency, but were inflicted under actual or apparent authority or color of law of the government of the UAE.

21.   The extra judicial conduct of Defendant Sheikh Mohammed, alleged herein, was not committed in his capacity as a government official, nor pursuant to any official acts as the Major with the UAE Air Force, but were inflicted under actual or apparent authority or color of law of the government of the UAE.

22.   The extra judicial conduct of Defendant General Saeed Hilal, alleged herein, was not committed in his capacity as a government official, nor pursuant to any official acts as the State Minister for Interior Affairs and/or the Commander of the detention facility in which Plaintiff was confined, but were inflicted under actual or apparent authority or color of law of the government of the UAE.

23.   Defendants, and each of them, are liable for the abduction, false arrest, detention, torture, cruel, inhuman or degrading treatment of Plaintiff because defendants either personally, or through their surrogates and agents in the UAE military or in the Ministry for Interior Affairs, committed the misconduct against plaintiff.

24.   Additionally, Defendant Sheikh Mohamed and Defendant General Saeed Hilal were personally present during Plaintiff's detention and torture, and personally

9

participated in the torture of Plaintiff. Additionally, both Defendants approved, authorized, directed, supervised, controlled, ratified and consented to the ongoing torture of Plaintiff by their subordinates who were personally involved in Plaintiff's detention and torture.

25. On information and belief, at all relevant times, the brutal acts committed against Plaintiff were conducted by Defendants, and each of them, who were acting outside of their official capacities as representatives of the UAE, but who were acting under the color of law of the government of the UAE. Defendants, and each of them, instigated, permitted, encouraged, authorized, and ratified the commission of torture against Plaintiff as further alleged herein.

26. During the period of his detention, torture and in particular at the time of his release, Defendants informed Plaintiff that their agents in the United States of America and throughout the rest of the world were prepared to hunt down and murder Plaintiff and Plaintiff's family in the event that Plaintiff disclosed any details with respect to the nature of Plaintiff's abduction and detention, including the acts of torture perpetrated by Defendants against Plaintiff.

27. Fearing ruthless reprisal and retribution, directed both against Plaintiff and against Plaintiff's family members, Plaintiff was for several decades following his release from UAE confinement prevented from seeking redress for the wrongs perpetrated against him by Defendants, either in the UAE or the United States. Plaintiff

CLARK, GOLDBERG & MADRUGA
. ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX

only came to believe that Defendants, who remain in power at the highest levels of UAE government, would most likely not seek to harm Plaintiff in retribution for the filing of a civil action, only within the recent past, as recent political events have solidified the UAE's desire to maintain favorable relations with the United States, and would most likely not seek to employ its agents to harm an American citizen residing in the United States.

28.     Moreover, members of the judiciary of the UAE serve at the pleasure of the country's executive, a defendant in the instant litigations and an associate and, in some cases, a relative of other Defendants named herein.

29.     There are several serious impairments to proceeding against the Defendants civilly in the UAE.  First, Defendants, and each of them, still occupy positions of immense power and influence, insofar as Defendant Sheikh Khalifa is the current ruler or the UAE, Defendant Sheikh Mohamed is Crown Prince and the de facto head of the UAE armed forces, and Defendant General Saeed Hilal is a current advisor to the President.  Second, the government of the UAE has not proceeded, nor has it shown any intent of proceeding, against Defendants for their involvement in human rights crimes committed against Plaintiff.  Finally, Plaintiff continues to be extremely concerned for his safety and the safety of his family relations and loved ones who remain the UAE, and for those reasons would be unable to safely pursue this case in that country.

//

11

**FIRST CLAIM FOR RELIEF**

**(Torture in Violation of 28 U.S.C. §1350)**

30.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31.    Beginning from the first night of Plaintiff's false arrest, capture and detention and only ending upon Plaintiff's release, Plaintiff was in the custody and/or physical control of Defendants, their subordinates and their co-conspirators. Defendants, and each of them, their subordinates and their co-conspirators intended to inflict severe pain and suffering on Plaintiff by purposefully and systematically subjecting Plaintiff to severe mental and physical pain and suffering.  Defendants repeatedly beat Plaintiff, including especially around the area of the head.  At all relevant times, Plaintiff had no choice but to endure listening to the screams and sounds of the torture of Plaintiff's fellow prisoners, who were held in solitary confinement in adjoining cells.  The abuse suffered by Plaintiff during his confinement has resulted in enduring and debilitating emotional distress and physical deficit, as Plaintiff is haunted by the memory of his savage and inhuman torture.

32.    On several occasions, Defendants threatened to murder Plaintiff or intentionally harm Plaintiff's family.  In September 1984, Defendant, General Saeed Hilal forcibly placed a machine gun in Plaintiff's mouth, threatening to kill Plaintiff should he discuss the conditions of his confinement.  On other occasions Defendants

12

informed Plaintiff that Plaintiff would be allowed to leave Abu Dhabi alive only if he first confessed to the commission of certain acts purportedly contrary to the state interest of the UAE.

33.     Throughout the duration of Plaintiff's confinement, Defendants, either directly or through their agents, caused Plaintiff to be deprived of sleep for extended periods of time.  Defendants, or their agents, exclusively controlled and regulated the lighting in Plaintiff's seven foot by ten foot cell.

34.     Approximately two months after Plaintiff's abduction and confinement, Defendants caused the sole air conditioning vent in Plaintiff's cell to be sealed. Temperatures in the cell subsequently climbed substantially, particularly during the summer months, causing Plaintiff to suffer acute pain in his joints.

35.     Defendants repeatedly blindfolded and handcuffed Plaintiff, in some instances continuously for up to several days at a time.  Defendants forced Plaintiff to stand handcuffed for hours on end, and Plaintiff was sometimes handcuffed and dragged around the hallway outside his cell.

36.     Frequently and repeatedly, while Plaintiff was blindfolded and handcuffed, Defendants would bind Plaintiff's feet and legs with rope and then hang Plaintiff upside down for long periods of time.

37.     Defendants regularly forced Plaintiff to ingest strange tasting liquids that, when ingested, induced in Plaintiff severe pain and hallucinations.

13

38.     Throughout the period of confinement, Defendants stripped Plaintiff naked and, from time to time, touched and otherwise manipulated Plaintiff's genitals, intoning that such humiliation "would be only the beginning" of the trauma that Defendants were prepared to perpetrate against Plaintiff.  In at least one instance, Defendants expressly threatened to amputate Plaintiff's genitals if he "kept lying" and refused to acquiesce in Defendants' demands that he confess to the commission of certain acts contrary to the state interest of the UAE.

39.     Throughout much of his confinement, Plaintiff was not given free access to water or to restroom facilities.

40.     As a condition of release, Defendants forced Plaintiff to sign a statement admitting to the commission of certain acts contrary to the state interest of the UAE.  At no time had Plaintiff been charged or indicted, nor afforded access to, or subject to process of, a regularly constituted judicial tribunal.  The coerced statement was obtained under severe duress, and was entirely extra judicial in nature.

41.     The harms to Plaintiff described herein were inflicted deliberately and intentionally for one or more of the following purposes: to punish Plaintiff for an act a third party committed or was suspected of having committed; to intimidate or coerce Plaintiff or a third party; and/or to discriminate against Plaintiff for his efforts to lawfully conduct business in the UAE.

14

42.   The harms to Plaintiff described herein were inflicted by and at the instigation of Defendants who were acting under actual or apparent authority, or color of law, but who were not engaged in any official act[s].

43.   The pain or suffering described herein did not arise from and was not incidental to lawful sanctions.

44.   The acts described herein constitute torture in violation of Article 7 of the International Covenant on Civil and Political Rights and in violation of the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. These acts also violated customary international law, as codified in relevant provisions of international charters, agreements and declarations.

45.   The acts described herein constitute a violation of the laws of the United Arab Emirates.

46.   The torture of Plaintiff violated the Torture Victims Protection Act, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350).

47.   As a direct and proximate cause of the acts described herein, Plaintiff was placed in imminent fear for his life and the lives of his family, and caused Plaintiff to suffer severe physical and mental pain and suffering, physical and permanent injuries, loss of earnings and future earnings, and incur medical expenses.  As a result of the torture described above, Plaintiff is entitled to compensation in an amount to be determined at trial.

48.     Defendants' acts were deliberate, willful, intentional, wanton, malicious, and oppressive, and in conscious disregards for the rights of Plaintiff and should be punished by an award of punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Assault and Battery/Violent Injury or Attempt to Commit Injury)

49.     Plaintiff realleges and incorporates by reference the allegations wet forth in paragraphs 1 through 48 above as though fully set forth herein.

50.     Defendants' involvement in the torture of Plaintiff constitutes assault and battery (violent injury or attempt to commit injury), actionable under the laws of California, the laws of the United States and the laws of the UAE.

51.     As a result of the Defendants' acts, Plaintiff was placed in great fear for his life and fear for the lives of his loved ones and family members, and suffered severe physical or psychological abuse and agony, and was caused to suffer physical and permanent injuries, loss of earnings and future earnings, and incur medical expenses. As a result of the assault and battery (violent injury or attempt to commit injury), described above, Plaintiff has been damaged in an amount to be determine at trial.

52.     Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and in conscious disregard for the rights of Plaintiff and should be punished by an award of punitive damages in an amount to be determined at trial.

16

## THIRD CLAIM FOR RELIEF

### (False Arrest and False Imprisonment)

53.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

54.     Defendants wrongful restraint, confinement and detention of the Plaintiff against his will and without lawful privileges or reasonable cause constituted false arrest and false imprisonment, actionable under the laws of California, the laws of the United States, and the laws of the UAE.

55.     As a direct and proximate result of Defendants' actions, Plaintiff was placed in great fear for his life, deprived of his freedom, separated from his family and forced to suffer severe physical and psychological abuse and agony. As a direct and proximate result of his false arrest described above, and to suffer physical and permanent injuries, loss of earnings and future earnings, and incur medical expenses Plaintiff has been damages in an amount to be determined at trial.

56.     Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and in conscious disregard for the rights of Plaintiff and should be punished by an award of punitive damages in an amount to be determined at trial.

//

//

//

17

# FOURTH CLAIM FOR RELIEF

## (Intentional Infliction of Emotional Distress)

57.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56 above as though fully set forth herein.

58.     The acts described herein, including, but not limited to, the torture and the deliberately inhumane and degrading treatment of Plaintiff, constituted outrageous conduct, beyond all bounds of decency.

59.     Defendants' outrageous conduct was intentional or reckless.  The acts described herein caused severe emotional distress to Plaintiff.  The Defendants, and each of them, knew that their conduct, and the conduct of their co-conspirators, was certain or substantially certain to cause severe emotional distress to Plaintiff.

60.     Defendants' outrageous conduct constitutes intentional infliction of emotional distress and is actionable under the laws of the State of California, and the laws of the UAE.

61.     As a result of the intentional infliction of emotional distress described above, Plaintiff has been damages in an amount to be determined at trial.

62.     Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in an amount to be determined at trial.

//

CLARK, GOLDBERG & MADRUGA
. ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX

## FIFTH CLAIM FOR RELIEF

### (Civil Conspiracy)

63.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62 above as though fully set forth herein.

64.     The acts described herein were committed in furtherance of a conspiracy to commit acts of torture, cruel, inhuman and degrading treatment, and crimes against humanity for the purpose of coercing and otherwise intimidating Plaintiff into confessing to having committed certain acts contrary to the state of interest of the UAE, and for the purpose of eliminating and/or intimidating perceived political opponents of the government of the UAE.

65.     The Defendants and their co-conspirators carried out a series of over acts in furtherance of their conspiracy, including, inter alia, the torture and false imprisonment of Plaintiff.  Such overt acts were not carried out pursuant to UAE officials and/or members of the UAE military or state security forces "official acts," but were inflicted under actual or apparent authority or color of law of the government of the UAE.

66.     As a direct and proximate result of the civil conspiracy described herein Plaintiff in entitled to compensatory damages in an amount to be determined at trial.

//

//

//

CLARK, GOLDBERG & MADRUGA
. ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077    (310) 478-0099 FAX

67.     Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and should be punished by an award of punitive damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

1.      For compensatory damages according to proof;

2.      For punitive and exemplary damages, according to proof;

3.      For attorneys' fees and costs of suit, according to proof;

4.      For any such other and further relief as the Court deems just and proper.

DATED: February 12, 2009          CLARK, GOLDBERG & MADRUGA

By:
ROGER W. CLARK
ROBERT D. GOLDBERG
Attorneys for Plaintiff
**KHALED AL HASSEN**

F:\WORK\06-1739\PLEADINGS\COMPLAINT 007.DOC

20

# REQUEST FOR TRIAL BY JURY

Plaintiff KHALED AL HASSEN hereby requests trial by jury in the above caption action.

DATED: February __12__, 2009      CLARK, GOLDBERG & MADRUGA

By: _____

ROGER W. CLARK
ROBERT D. GOLDBERG
Attorneys for Plaintiff
**KHALED AL HASSEN**

F:\WORK\06-1739\PLEADINGS\COMPLAINT 007.DOC

CLARK, GOLDBERG & MADRUGA
ATTORNEYS AT LAW
11400 W. OLYMPIC BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KHALED AL HASSEN

**DEFENDANTS**
SHEIKH KHALIFA BIN ZAYED AL NAHYAN, an individual; SHEIKH MOHAMED BIN ZAYED AL NAHYAN, an individual; GENERAL SAEED HILAL ABDULLAH AL DARMAKI, an individual; and DOES 1 to 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
See Attachment.

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1350 - Torture Victims Protection Act

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

---

# CV09-1106

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | United Arab Emirates ("UAE") |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | United Arab Emirates ("UAE") |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  February  11, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

Section I(b) - Attorneys (Firm Name, Address and Telephone Number.  If you are representing yourself, provide same.)

ROGER W. CLARK, ESQUIRE (SBN 108982)
Email: rclark@cgold.cc
ROBERT D. GOLDBERG, ESQUIRE (SBN 137356)
Email: rgoldberg@cgold.cc
**CLARK, GOLDBERG & MADRUGA**
11400 W. Olympic Blvd., Suite 1150
Los Angeles, CA 90064
Telephone: (310) 478-0077
Facsimile: (310) 478-0099