UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALED AL HASSEN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SHEIKH KHALIFA BIN ZAYED AL NAHYAN, et al.,<br><br>　　　　　　　　Defendants. | Case No. CV 09-1106-DMG (FMOx)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY ALTERNATIVE METHODS (Docket No. 11)** |

　　　This matter is before the Court on Plaintiff's Motion for Service of Process by Alternative Methods, currently set for hearing on March 8, 2010. The Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff's motion is granted.

I.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　On February 13, 2009, Plaintiff Khaled Al Hassan filed a Complaint against defendants Sheikh Khalifa Bin Zayed Al Nahyan ("Sheikh Khalifa"), Sheikh Mohamed Bin Zayed Al Nahyan ("Sheikh Mohamed"), General Saeed Hilal Abdullah Al Darmaki ("General Saeed Hilal"), and Doe defendants 1 through 10. Plaintiff alleges that Defendants, under the actual or apparent authority of the United Arab Emirates

government, abducted, imprisoned, and brutally tortured him, a United States citizen, for nearly two years. (Compl. ¶ 1.) Plaintiff asserts claims of torture, in violation of the Torture Victims Protection Act of 1991, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350, historical and statutory notes), assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, and civil conspiracy.

On November 6, 2009, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution. Plaintiff filed a Response on November 16, 2009. In the Response, Plaintiff informed the Court of difficulties that he had encountered in attempting to serve process on the known defendants. Accordingly, the Court ordered Plaintiff to file by January 25, 2010 either (1) a valid proof of service for each defendant; or (2) a motion for leave to serve Defendants by publication. On January 25, 2010, Plaintiff filed the Motion for Service of Process by Alternative Methods.

## II.

## PLAINTIFF'S MOTION

Plaintiff asserts that Defendants are high ranking members of the United Arab Emirates government and have used their positions to intimidate anyone willing to serve process on them. (Mot. at 2.) Defendant Sheikh Khalifa is the president of the United Arab Emirates, the emir of Abu Dhabi, and the brother of Defendant Sheikh Mohamed. (*Id.* ¶ 13.) He is also the chairman of the Abu Dhabi Fund for Development. (*Id.*)

Defendant Sheikh Mohamed is currently the crown prince of Abu Dhabi and the deputy supreme commander of the United Arab Emirates Armed Forces. (Hassen Decl. ¶ 12.) He is "virtually next in line" to the presidency of the United Arab Emirates. (*Id.*) In addition, he is the chairman of the Abu Dhabi Executive Council, a member of the Supreme Petroleum Council, and a special advisor to the president of the United Arab Emirates. (*Id.*)

Defendant General Saeed Hilal is the chairman of the board and chief executive of Elenco Emirates Group. (*Id.* ¶ 14.) In addition, he serves on the executive committee of Damas, LLC, the United Arab Emirates' leading jewelry retailer and distributor. (*Id.* ¶

15.) He is also a major shareholder of Al Ahlia Group, including Al Ahlia General Trading. (*Id.* ¶ 16.)

On or about July 2, 2009, Plaintiff provided Process Service Network with a summons, complaint, and related documents in the instant matter for service of process on Defendants in the United Arab Emirates. (Tucker Decl. ¶ 2.) Process Service Network has successfully served process several times in the United Arab Emirates. (*Id.* ¶ 8.) Currently, it handles service in the United Arab Emirates by a private process server. (*Id.* ¶ 5.) Although service normally takes three to five weeks to complete, government officials in the United Arab Emirates take significant steps to block service of process on themselves. (*Id.*) Corruption within the legal system is common. (*Id.* ¶ 4.)

On July 3, 2009, Process Service Network forwarded the service assignment to its process server in the United Arab Emirates. (*Id.* ¶ 7.) The process server has been unable to serve Defendants due to fear of reprisal by them. (*Id.*) Government officials detained the process server for four days for alleged illegal actions against a government official. (*Id.*)

Plaintiff now seeks the Court's approval to serve Defendants by any of the following means: (1) publication in a United Arab Emirates newspaper of mass publication; (2) service on Yousef Al Otaiba, the United Arab Emirates ambassador to the United States; (3) service on Colonel Waleed Al Shamsi, the military attaché in the United Arab Emirates embassy in the United States; (4) mail to Defendants at various known business addresses; (5) mail to Ambassador Al Otaiba; (6) e-mail to Defendants at various known government and business e-mail addresses; and (7) with respect to Defendant Sheikh Mohamed, service on Daryl Bristow, Defendant Sheikh Mohamed's attorney in a matter now pending on appeal in federal court. (Mot. at 4-5.)

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) sets forth the methods for serving an individual in a foreign country:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

    (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

        (A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        (B)    as the foreign authority directs in response to a letter rogatory or letter of request; or

        (C)    unless prohibited by the foreign country's law, by:

            (i)    delivering a copy of the summons and of the complaint to the individual personally; or

            (ii)    using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3)    by other means not prohibited by international agreement, as the court orders.

"Courts have authorized a variety of alternative methods of service abroad under current Rule 4(f)(3) and former Rule 4(i)(1)(E), including not only ordinary mail and e-mail but also publication and telex." *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citing cases). Service of process pursuant to Rule 4(f)(3) is neither a "last resort"

nor "extraordinary relief," and plaintiffs may utilize Rule 4(f)(3) "without first attempting service by other means." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In order to avail themselves of Rule 4(f)(3), however, plaintiffs "must obtain prior court approval for the alternative method of serving process." *Brockmeyer*, 383 F.3d at 806. "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer*, 383 F.3d at 805 (quoting *Rio Properties*, 284 F.3d at 1016).

In crafting alternative methods of service, a district court must ensure that they "comport with constitutional notions of due process." *Rio Properties*, 284 F.3d at 1016. Due process requires the method of service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)) (internal quotation marks omitted). A court should balance the limitations inherent in a particular method of service with the benefits it offers in a given case. *Id.* at 1018.

## IV.
## DISCUSSION

Plaintiff has amply demonstrated the need for an alternative method of serving process on Defendants. The Court must therefore determine which methods of service would reasonably notify each defendant of the pendency of this action so as to satisfy due process.

Plaintiff's proposed methods of service fall into four categories: (1) personal delivery of the summons and complaint to individuals other than Defendants; (2) mail; (3) e-mail; and (4) publication. At the outset, the Court finds service by publication to be inappropriate in this case. In his declaration, Plaintiff asserts that newspapers in the United Arab Emirates generally do not publish negative articles about the government. (Hassen Decl. ¶ 25.) Thus, this method of service would likely be futile. In addition, service by publication would pose an unacceptable risk of harm to Defendants'

reputations. The Complaint alleges that Defendants, who include the two highest ranking government officials in the United Arab Emirates, committed grave human rights abuses. For these reasons, the Court finds that service by publication is not an acceptable method of service. The Court considers below the other proposed methods with respect to each defendant.

### A.  Service On Defendants Sheikh Khalifa and Sheikh Mohamed

Defendants Sheikh Khalifa and Sheikh Mohamed head the United Arab Emirates government. Consequently, the United Arab Emirates ambassador and military attaché to the United States are appropriate individuals to accept service of process on behalf of these defendants. Plaintiff may serve Defendants Sheikh Khalifa and Sheikh Mohamed by personally delivering or sending by certified mail a copy of the summons and complaint to either the ambassador or the military attaché.

Because Plaintiff provides no information regarding Defendant Sheikh Mohamed's alleged proceeding in the Fifth Circuit, the Court cannot sanction service by alternative means with respect to Defendant's alleged attorney in that proceeding at the present time. The Court finds that e-mail is an inappropriate method of service on Defendants Sheikh Khalifa and Sheikh Mohamed given the number of other viable options. Plaintiff identifies no specific e-mail address for these defendants but instead points only to the general website of the United Arab Emirates. (*See* Mot. at 4.) Similarly, while service by regular mail to addresses in the United Arab Emirates might prove viable in the absence of other alternatives, here it would be less reliable than service on persons residing within the United States.

### B.  Service On Defendant General Saeed Hilal

Plaintiff provides no evidence that Defendant General Saeed Hilal currently holds any position in the United Arab Emirates military or government. Consequently, alternative service methods involving the United Arab Emirates ambassador or military attaché would provide a much less certain means of notifying Defendant General Saeed Hilal about this lawsuit. Plaintiff does, however, provide evidence that Defendant

General Saeed Hilal serves in leadership positions at three organizations in the United Arab Emirates: Elenco Emirates Group, Damas, LLC, and Al Ahlia General Trading. Accordingly, the Court approves of service by mail on Defendant General Saeed Hilal at the business addresses of these organizations. Due to the uncertainties inherent in international mail delivery, however, along with the uncertainty as to which of the three organizations would best facilitate service, the Court requires that Plaintiff mail copies of the complaint and summons to each of these organizations. In addition, Plaintiff should utilize a mail or courier service that provides tracking and a signed receipt, if commercially available. The Court finds that e-mail is inappropriate because Plaintiff supplies only the general e-mail addresses of these organizations.

## V.
## CONCLUSION

In light of the foregoing:

1. Plaintiff's Motion for Service of Process by Alternative Methods is GRANTED;

2. Plaintiff may serve Defendants Sheikh Khalifa and Sheikh Mohamed by either
   (a) personally delivering a copy of the summons and complaint to either the United Arab Emirates ambassador or military attaché to the United States; or
   (b) sending a copy of the summons and complaint by certified mail to either the ambassador or the military attaché;

3. Plaintiff may serve Defendant General Saeed Hilal by sending him copies of the summons and complaint, utilizing a mail or courier service that provides tracking and a signed receipt, if commercially available, at all of the following organizations:
   (a) Elenco Emirates Group;
   (b) Damas, LLC; and

   (c) Al Ahlia General Trading; and

4. The hearing set for March 8, 2010 at 9:30 a.m. is hereby vacated.

IT IS SO ORDERED.

DATED: March 3, 2010

               _____
               DOLLY M. GEE
               UNITED STATES DISTRICT JUDGE