1  THOMAS P. O'BRIEN (SB# 166369)
   thomasobrien@paulhastings.com
2  KATHERINE F. MURRAY (SB# 211987)
   katherinemurray@paulhastings.com
3  NICHOLAS BEGAKIS (SB# 253588)
   nickbegakis@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants
8  HIS HIGHNESS SHEIKH KHALIFA BIN ZAYED AL NAHYAN; HIS
   HIGHNESS SHEIKH MOHAMED BIN ZAYED AL NAHYAN; and
9  GENERAL SAEED HILAL ABDULLAH AL DARMAKI

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13
   KHALED AL HASSEN,                  CASE NO. CV 09-1106-DMG (FMOx)
14
              Plaintiff,
15
         vs.
16
                                      **DEFENDANTS' NOTICE OF**
   SHEIKH KHALIFA BIN ZAYED AL        **SUPPLEMENTAL AUTHORITY**
17 NAHYAN, an individual; SHEIKH      **RELEVANT TO MOTION TO**
   MOHAMED BIN ZAYED AL               **DISMISS**
18 NAHYAN, an individual; GENERAL
   SAEED HILAL ABDULLAH AL            Date:  July 12, 2010
19 DARMAKI, an individual; and DOES   Time: 9:30 a.m.
   1 to 10, inclusive,                Courtroom: 7
20
              Defendants.
21

22

23

24

25

26

27

28

LEGAL_US_E # 88397978.1

NOTICE OF SUPPLEMENTAL AUTHORITY

1   TO THE COURT, PLAINTIFF KHALED AL HASSEN ("PLAINTIFF") AND

2   HIS COUNSEL OF RECORD:

3

4        PLEASE TAKE NOTICE THAT, on June 1, 2010, the United State Supreme

5   Court issued an opinion in the matter of *Samantar v. Yousuf*, No. 08-1555, 560 U.S.

6   ____ (2010), 2010 U.S. LEXIS 4378.  A copy of the slip opinion is attached hereto

7   as Exhibit A.  Defendants His Highness Sheikh Khalifa Bin Zayed Al Nahyan, His

8   Highness Sheikh Mohamed Bin Zayed Al Nahyan and General Saeed Hilal

9   Abdullah Al Darmaki (collectively "Defendants") presented arguments in their

10  Motion to Dismiss which relied upon the Foreign Sovereign Immunities Act

11  ("FSIA").  The opinion in *Samantar* resolves a split of authority on the applicability

12  of the FSIA to natural persons, thus overturning existing Ninth Circuit authority.

13  The Court held that the FSIA does not apply to individuals acting in their official

14  capacity on behalf of a foreign sovereign, and is instead limited to foreign

15  governments sued as an entity.

16       In *Samantar*, The petitioner, Mohamed Ali Samantar, served as Minister of

17  Defense, and subsequently Prime Minister of Somalia.  After moving to Virginia,

18  he was sued under the Alien Tort Statute and the Torture Victims Protection Act by

19  plaintiffs alleging that he authorized their torture in his capacity as Minister of

20  Defense and Prime Minister.  The trial court dismissed the action for lack of subject

21  matter jurisdiction, holding that the FSIA applied to Samantar as an agent of a

22  foreign sovereign at the time the alleged torture took place.  The Court of Appeals

23  reversed and remanded for further proceedings.  The Supreme Court affirmed the

24  opinion of the Court of Appeals, holding that while Samantar may be entitled to

25  common law immunity, he was not eligible for immunity under the FSIA.  The

26  Court held that the FSIA, with limited exception, provides immunity for "foreign

27  states," as a result, if the defendant in an action is a "foreign state" under the FSIA,

28  immunity attaches.  Slip Op. at p. 7.  The Court found that a textual reading of the

1    statute implied that "foreign state" refers to a "body politic that governs a particular

2    territory."  Slip Op. at p. 8.

3          In light of the Court's opinion, Defendants acknowledge that their argument

4    for immunity under the FSIA is now moot.  However, Defendants maintain that

5    they are entitled to common law immunity in this action.  The Supreme Court's

6    opinion focused on the narrow issue of whether an individual is entitled to statutory

7    immunity under the FSIA, and explicitly declined to consider "the precise scope of

8    a [government] official's immunity at common law" (such as head of state

9    immunity).  Slip Op. at p. 15, and fn. 15 ("Whether Petitioner may be entitled to

10    head of state immunity, or any other immunity, under the common law is a question

11    we leave open for remand.")

12          If the Court requires additional information or briefing regarding this issue,

13    Defendants will prepare and submit the same.

14

15

16

17    DATED:  June 4, 2010      THOMAS P. O'BRIEN
                                    KATHERINE F. MURRAY

18                                  NICHOLAS BEGAKIS
                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP

19

20

21                          By:_____/s/_____
                                    NICHOLAS BEGAKIS

22                          Attorneys for Defendants
                          Sheikh Khalifa Bin Zayed Al Nahyan, Sheikh

23                          Mohamed Bin Zayed Al Nahyan, and General Saeed
                          Hilal Abdullah Al Darmaki

24

25

26

27

28