| | |
|---|---|
| 1 | THOMAS P. O'BRIEN (SB# 166369) |
|   | thomasobrien@paulhastings.com |
| 2 | NICHOLAS BEGAKIS (SB# 253588) |
|   | nickbegakis@paulhastings.com |
| 3 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
|   | 515 South Flower Street |
| 4 | Twenty-Fifth Floor |
|   | Los Angeles, CA  90071-2228 |
| 5 | Telephone:  (213) 683-6000 |
|   | Facsimile:  (213) 627-0705 |

Attorneys for Defendants
HIS HIGHNESS SHEIKH KHALIFA BIN ZAYED AL NAHYAN; HIS HIGHNESS SHEIKH MOHAMED BIN ZAYED AL NAHYAN; and GENERAL SAEED HILAL ABDULLAH AL DARMAKI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALED AL HASSEN, | CASE NO. CV 09-1106-DMG (FMOx) |
| Plaintiff, | |
| vs. | |
| SHEIKH KHALIFA BIN ZAYED AL NAHYAN, an individual; SHEIKH MOHAMED BIN ZAYED AL NAHYAN, an individual; GENERAL SAEED HILAL ABDULLAH AL DARMAKI, an individual; and DOES 1 to 10, inclusive, | **DECLARATION OF NICHOLAS BEGAKIS IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: July 26, 2010<br>Time: 9:30 a.m.<br>Courtroom: 7<br><br>[Reply in Support of Motion to Dismiss; Objections to Evidence; and Opposition to Request for Judicial Notice filed and served concurrently herewith] |
| Defendants. | |

LEGAL_US_E # 88878626.1

DECLARATION OF NICHOLAS BEGAKIS IN SUPPORT OF MOTION TO DISMISS

# **DECLARATION OF NICHOLAS BEGAKIS**

I, Nicholas Begakis, hereby declare, and state as follows:

1. I am an associate at the law firm of Paul, Hastings, Janofsky and Walker, LLP, counsel of record for Defendants in this matter. I am an attorney licensed to practice in the State of California and before this Court. I have personal knowledge of the facts set forth below except where stated on information and belief and if called as a witness, I would and could competently testify thereto.

2. Attached hereto as Exhibit "A" is a true and correct of copy of correspondence from Thomas O'Brien of this office to Harold Koh, Legal Advisor to the Secretary of State, requesting that the United States Department of State provide a suggestion of immunity for Defendants in this matter.

3. On or about June 23, 2010, I spoke with James Gresser who is employed in the office of the Legal Advisor to the United States Secretary of State. Mr. Gresser stated that the office of the Legal Advisor had received the request for a suggestion of immunity attached hereto as Exhibit A, and was considering the request. Mr. Gresser declined to estimate how long it would take the office of the Legal Advisor to consider the request.

I declare under penalty of perjury under the laws the United States of America that the foregoing is true and correct.

Executed this 12th day of July, 2010, at Los Angeles, California.

By:       /s/
      Nicholas Begakis

# Exhibit "A"

**PaulHastings**

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
telephone 213-683-6000 • facsimile 213-627-0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

(213) 683-6146
thomasobrien@paulhastings.com

June 3, 2010

76709.00002

**VIA OVERNIGHT DELIVERY**

Harold Hongju Koh
Office of the Legal Adviser
United States Department of State
Harry S. Truman Building Room 6421
2201 C. Street NW
Washington, D.C. 20520

Re:   *Khaled Al Hassen v. His Highness Sheikh Khalifa Bin Zayed Al Nahyan* (the "Hassen Action"), Central District of California Case No. CV09-1106-DMG

Dear Mr. Koh:

By way of introduction, our firm is representing His Highness Sheikh Khalifa Bin Zayed Al Nahyan ("Sheikh Khalifa"), His Highness Sheikh Mohamed Bin Zayed Al Nahyan ("Sheikh Mohamed") and General Saeed Hilal Abdullah Al Darmaki ("General Saeed") (collectively "Defendants") in the above entitled matter. By this letter, we hereby request that the United States provide suggestions of immunity for Sheikh Khalifa, Sheikh Mohamed and General Saeed in the Hassen Action.

Plaintiff Khaled Al Hassen alleges that while in the United Arab Emirates ("UAE") on business in approximately 1984, he was abducted, detained and mistreated and that the Defendants either participated in or directed his abduction, detention and mistreatment. Based on these allegations, he has asserted claims for (1) Violations of the Torture Victims Protection Act ("TVPA"); (2) Assault and Battery; (3) False Arrest and Imprisonment; (4) Intentional Infliction of Emotional Distress; and (5) Civil Conspiracy. I have enclosed a copy of the Complaint for your review. Defendants have moved to dismiss arguing, among other things, that Defendants are entitled to head of state immunity. That motion is set for hearing on July 12, 2010. We would appreciate any guidance the United States is willing to provide the Court regarding the immunity issue.

Sheikh Khalifa is the ruler of Abu Dhabi, and the sitting head of state of the UAE. The United States has previously provided suggestions of immunity for the President of UAE on the grounds that allowing a lawsuit to proceed against the head of state of the UAE would be incompatible with United States foreign relations. *First Am. Corp. v. Al Nahyan*, 948 F. Supp. 1107, 1119 (D.D.C. 1996) (suggestion of immunity provided for H.H. Sheikh Zayed Bin Sultan Al Nahyan (Sheikh Khalifa's father and the previous President of the

Paul Hastings

Harold Hongju Koh
June 3, 2010
Page 2

UAE)). Likewise, here, it is appropriate to provide a suggestion of immunity for Sheikh Khalifa.

Sheikh Mohamed is the Crown Prince of Abu Dhabi. Additionally, Sheikh Mohamed is Chairman of the Abu Dhabi Executive Council, and Deputy Supreme Commander of the UAE Armed Forces. The United States has previously provided a suggestion of immunity on the grounds that a crown prince should be immune as a head of state. *See, Kilroy v. Windsor (Charles, Prince of Wales)*, 1978 U.S. Dist. LEXIS 20419 (N.D. Ohio 1978). The court in *Kilroy* dismissed an action under 42 U.S.C. § 1983 for violations of civil rights against Prince Charles based on a suggestion of immunity. *Id.* The United States provided the suggestion of immunity in an effort to avoid endangering foreign relations with Great Britain by allowing a lawsuit to proceed against the Crown Prince. *Id.* As the court noted in that case, "[w]hen the person sued is not just a foreign minister or special envoy, but the Heir Apparent to the throne of the possibly offended nation, the foreign policy ramifications are extraordinary." *Id.* at *3. Like Prince Charles, Sheikh Mohamed is the Crown Prince and Heir Apparent of a friendly nation. As a result, we respectfully request a suggestion of immunity on his behalf.

During the time Plaintiff alleges he was abducted and detained, General Saeed was the Minister of the Interior of the UAE. As a high ranking member of the UAE government, General Saeed represented that nation's interest during the relevant time period and should therefore be afforded head of state immunity.

As noted above, the hearing on Defendants' Motion to Dismiss is currently set for July 12, 2010, and any guidance the United States is willing to provide the Court on the issue of immunity would be appreciated. Please feel free to contact me if you have any questions.

Very truly yours,

Thomas P. O'Brien
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

TPO/njb

cc: G. Hamilton Loeb, Esq.

LEGAL_US_E # 88238167.2