Case 2:09-cv-01106-DMG-FMO   Document 51   Filed 07/26/10   Page 1 of 10   Page ID #:675

FILED
2010 JUL 26 PM 12:36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

TONY WEST
Assistant Attorney General
VINCENT M. GARVEY
Deputy Branch Director
ERIC J. BEANE (AZ Bar No. 23092)
Trial Attorney
Civil Division – Federal Programs Branch
U.S. Department of Justice
P.O. Box 883 – Room 7124
Washington, D.C. 20530
Telephone: (202) 616-2035/Facsimile: (202) 616-8470
Eric.Beane@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KHALED AL HASSEN<br><br>Plaintiff,<br><br>v.<br><br>SHEIKH KALIFA BIN ZAYED AL NAHYAN, an individual; SHEIKH MOHAMED BIN ZAYED AL NAHYAN, an individual; GENERAL SAEED HILAL ABDULLAH AL DARMAKI, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants.[1] | Case Number:<br>2:09-CV-1106-DMG (FMOx)<br><br>**Suggestion of Immunity**<br><br>Monday, July 26, 2010 |

---

[1] The United States is not a party to this action but seeks to file this Suggestion of Immunity in order to suggest to the Court the immunity of defendant His Highness Sheikh Khalifa Bin Zayed Al Nahyan, the President and sitting head of state of the United Arab Emirates.

## SUGGESTION OF IMMUNITY SUBMITTED BY THE UNITED STATES OF AMERICA

At the direction of the Attorney General of the United States, pursuant to 28 U.S.C. § 517,[1] the undersigned attorney of the United States Department of Justice, respectfully informs this Honorable Court of the interest of the United States in the pending lawsuit against His Highness Sheikh Khalifa Bin Zayed Al Nahyan ("Sheikh Khalifa"), the President and sitting head of state of the United Arab Emirates ("UAE"), and suggests to the Court the immunity of Sheikh Khalifa. In support of its interest and suggestion, the United States sets forth as follows:

1.  This action, involving allegations against three high ranking officials of the United Arab Emirates, has important foreign policy implications for the United States. The United States has a particular interest in this action against Sheikh Khalifa insofar as the case involves the question of immunity from the Court's jurisdiction of a foreign head of state. The Executive Branch of the Government of the United States, in the implementation of its foreign policy and in the conduct of its international relations, has determined that permitting this action to proceed against Sheikh Khalifa as a head of state would be incompatible with the United States' foreign policy interests. As discussed below, this determination should be given binding effect by this Court.

2.  The Legal Adviser of the United States Department of State has informed the Department of Justice that the UAE has formally requested the

---

[1] 28 U.S.C. § 517 provides that "any officer of the Department of Justice[ ] may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States. . . ."

1

Government of the United States to suggest the immunity of Sheikh Khalifa from this lawsuit. The Legal Adviser has further informed the Department of Justice that the "Department of State recognizes and allows the immunity of Sheikh Khalifa from this suit." Letter from Harold Hongju Koh to Tony West (copy attached as Exhibit 1).

3. Under rules of customary international law recognized and applied in the United States as a matter of common law, Sheikh Khalifa is immune from the Court's jurisdiction in this case. Such head of state immunity decisions are made by the Executive Branch, incident to the Executive Branch's authority in the field of foreign affairs.[2]

4. When the Executive Branch has determined that an individual is entitled to head of state immunity, the courts have routinely accepted that determination as dispositive of the issue. *See, e.g., Ye v. Jiang Zemin*, 383 F.3d 620, 625 (7th Cir. 2004) ("The obligation of the Judicial Branch is clear—a determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff."); *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988) (suggestion of Prime Minister Thatcher's immunity conclusive in dismissing suit that alleged British complicity in U.S. air

---

[2] In *Samantar v. Yousuf*, 130 S. Ct. 2278 (2010), the Supreme Court made it clear that the FSIA does not codify the rules governing the immunity of any individual foreign government officials, including heads of state. *See also Ye v. Jiang Zemin*, 383 F.3d 620, 625 (7th Cir. 2004) ("The FSIA does not . . . address the immunity of foreign heads of states. The FSIA refers to foreign states, not their leaders."); *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1119 (D.D.C. 1996) ("[T]he enactment of the FSIA was not intended to affect the power of the State Department, on behalf of the President as Chief Executive, to assert immunity for heads of state or for diplomatic and consular personnel.").

strikes against Libya), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989); *Spacil v. Crowe*, 489 F.2d 614, 617 (5th Cir. 1974) ("[O]nce the State Department has concluded that immunity is warranted, and has submitted that ruling to the court through a suggestion, the matter is for diplomatic rather than judicial resolution."); *John Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005) ("When the Executive Branch concludes that a recognized leader of a foreign sovereign should be immune from the jurisdiction of American courts, that conclusion is determinative."); *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1119 (D.D.C. 1996) ("The United States has filed a Suggestion of Immunity on behalf of H.H. Sheikh Zayed, and courts of the United States are bound to accept such head of state determinations as conclusive."); *Alicog v. Kingdom of Saudi Arabia*, 860 F. Supp. 379, 382 (S.D. Tex. 1994) (suggestion by Executive Branch of King Fahd's immunity as head of state of Saudi Arabia held to require dismissal of complaint against King Fahd for false imprisonment and abuse), *aff'd*, 79 F.3d 1145 (5th Cir. 1996); *Leutwyler v. Queen Rania Al-Abdullah*, 184 F. Supp. 2d 277, 280 (S.D.N.Y. 2001) (Executive Branch's Suggestion of Immunity on behalf of Queen of Jordan "is entitled to conclusive deference from the courts"); *cf., Republic of Mexico v. Hoffman*, 324 U.S. 30, 35-36 (1945); *Ex parte Peru*, 318 U.S. 578, 588-89 (1943).

5. The United States has previously suggested the immunity of Sheikh Khalifa's predecessor as the President of the UAE, Sheikh Zayed. *First American Corp.*, 948 F. Supp. at 1119. In that case, the district court held that the plaintiffs were "barred from asserting claims against H.H. Sheikh Zayed, the sitting head of state of the United Arab Emirates, because he is entitled to immunity from the Court's jurisdiction." *Id.* (citing *Ex Parte Peru*, 318 U.S. at

3

588-89). The District Court accepted the United States' Suggestion of Immunity as determinative, noting that "[t]he United States has filed a Suggestion of Immunity on behalf of H.H. Sheikh Zayed, and courts of the United States are bound to accept such head of state determinations as conclusive." *Id.*

6. Judicial deference to the Executive Branch's suggestions of immunity is predicated on compelling considerations arising out of the Executive Branch's authority to conduct foreign affairs under the Constitution. *See Ye*, 383 F.3d at 626 (citing *Spacil*, 489 F.2d at 618). Judicial Branch deference to the Executive Branch in these matters, the circuit court noted, is "motivated by the caution we believe appropriate of the Judicial Branch when the conduct of foreign affairs is involved." *Id. See also Ex parte Peru*, 318 U.S. at 588. And as other courts have explained, the Executive Branch possesses substantial institutional resources to pursue and extensive experience to conduct the country's foreign affairs. *See, e.g., Spacil*, 489 F.2d at 619; *United States v. Truong Dinh Hung*, 629 F.2d 908, 913-14 (4th Cir. 1980). By comparison, "the judiciary is particularly ill-equipped to second-guess" the Executive Branch's determinations affecting the country's interests. *See Spacil*, 489 F.2d. at 619. Finally, and "[p]erhaps most importantly, in the chess game that is diplomacy only the executive has a view of the entire board and an understanding of the relationship between isolated moves." *Id.*

4

## CONCLUSION

For the foregoing reasons, the United States respectfully suggests the immunity of Sheikh Khalifa in this action.

Dated: July 26, 2010

Respectfully submitted,

/s/ Eric J. Beane
ERIC J. BEANE
Trial Attorney, Department of Justice
Civil Division– Federal Programs Branch
20 Massachusetts Ave., N.W., Rm. 7124
Washington, D.C. 20530

5

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KHALED AL HASSEN<br><br>Plaintiff,<br><br>v.<br><br>SHEIKH KALIFA BIN ZAYED AL NAHYAN, an individual; SHEIKH MOHAMED BIN ZAYED AL NAHYAN, an individual; GENERAL SAEED HILAL ABDULLAH AL DARMAKI, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case Number:<br>2:09-CV-1106-DMG<br>(FMOx)<br><br><br><br><br>Monday, July 26, 2010 |

# Exhibit 1

to

United States' Suggestion of Immunity

THE LEGAL ADVISER

DEPARTMENT OF STATE

WASHINGTON

July 22, 2010

Hon. Tony West
Assistant Attorney General
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

Re: *Khaled Al Hassen v. Sheikh Khalifa Bin Zayed Al Nahyan et al.*,
Civil Action No. CV 09-1106-DMG (FMOX) (C.D. Cal.)

Dear Mr. West:

The above-captioned suit names His Highness Sheikh Khalifa Bin Zayed Al Nahyan as a defendant. Sheikh Khalifa is the President and sitting head of state of the United Arab Emirates (UAE) and, in light of his status, the Government of the UAE has formally asked the Department of State to take the steps necessary to have this action against the Sheikh dismissed on the basis of his immunity from U.S. jurisdiction as a foreign head of state.

The Department of State recognizes and allows the immunity of Sheikh Khalifa from this suit. Under the rules of customary international law, recognized and applied in the United States, Sheikh Khalifa, as the sitting head of state of a foreign state, is immune from the jurisdiction of the United States courts. Accordingly, the Department of State requests that the Department of Justice submit an appropriate Suggestion of Immunity to the district court at the earliest opportunity.

This letter recognizes the particular importance attached by the United States to obtaining the prompt dismissal of the proceedings against Sheikh Khalifa in view of the significant foreign policy implications of such an action.

Sincerely,

Harold Hongju Koh
The Legal Adviser

cc: Vincent Garvey
    Federal Programs Branch, U.S. Department of Justice

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On July 26, 2010, I served **SUGGESTION OF IMMUNITY** on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: July 26, 2010. Place of mailing: Los Angeles, California.

**Person(s) and/or Entity(ies) to Whom mailed:**

I.**Plaintiff**
**Khaled Al Hassen**     represented by **Robert D Goldberg**
Clark Goldberg and Madruga
11400 West Olympic Boulevard Suite 1150
Los Angeles, CA 90064
310-478-0077
Fax: 310-478-0099
Email: **rgoldberg@cgold.cc**
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger William Clark**
Clark Goldberg and Madruga
11400 West Olympic Boulevard, Suite 1150
Los Angeles, CA 90064
310-478-0077
Fax: 310 478 0099
Email: **rclark@cgold.cc**
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendants** | | |
| **Sheikh Kahlifa Bin Zayed Al Nahyan** *an individual* (and all other defendants) | represented by | **Nicholas James Begakis** Paul Hastings Janofsky and Walker 515 S Flower Street 25th Floor Los Angeles, CA 90071-2228 213-683-6000 Fax: 213-627-0705 Email: **nicholasbegakis@paulhastings.com** *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Katherine Frenck Murray** Paul Hastings Janofsky & Walker LLP 515 South Flower Street 25th Floor Los Angeles, CA 90071-2228 213-683-6000 Fax: 213-627-0705 Email: **katherinemurray@paulhastings.com** *ATTORNEY TO BE NOTICED* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: July 26, 2010 at Los Angeles, California.

Janice E. Micheaux