THOMAS P. O'BRIEN (SB# 166369)
thomasobrien@paulhastings.com
KATHERINE F. MURRAY (SB# 211987)
katherinemurray@paulhastings.com
NICHOLAS BEGAKIS (SB# 253588)
nickbegakis@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
HIS HIGHNESS SHEIKH MOHAMED BIN ZAYED AL NAHYAN and
GENERAL SAEED HILAL ABDULLAH AL DARMAKI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALED AL HASSEN,<br><br>Plaintiff,<br><br>vs.<br><br>SHEIKH KHALIFA BIN ZAYED AL NAHYAN, an individual; SHEIKH MOHAMED BIN ZAYED AL NAHYAN, an individual; GENERAL SAEED HILAL ABDULLAH AL DARMAKI, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. CV 09-1106-DMG (FMOx)<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR STAY OF PROCEEDINGS**<br><br>[Declaration of Thomas P. O'Brien and [Proposed] Order filed and served concurrently herewith] |

DEFENDANTS' REQUEST TO STAY PROCEEDINGS

TO THE COURT, PLAINTIFF KHALED AL HASSEN ("PLAINTIFF") AND HIS COUNSEL OF RECORD:

Defendants His Highness Sheikh Mohamed Bin Zayed Al Nahyan ("Sheikh Mohamed") and General Saeed Hilal Abdullah Al Darmaki ("Defendants") hereby apply *ex parte* to this Court for an order staying this action pending this Court's resolution of the Order to Show Cause regarding service of process on Sheikh Mohamed, and the Ninth Circuit's resolution of the pending Petition for Writ of Mandamus.

This Application is made following the conference of counsel which took place on April 18, 2011 and April 21, 2011. Counsel for Khaled Al Hassen ("Plaintiff") declined to stipulate to the relief requested and indicated that he would oppose this *ex parte* application.

//

//

This Application is based on this Application; the Memorandum of Points and Authorities in support hereof; the Declaration of Thomas P. O'Brien in support hereof; the Petition for Writ of Mandamus filed with the Ninth Circuit Court of Appeals and that court's order requesting further briefing thereon; the pleadings, records and files in this action; those matters of which this Court may take judicial notice; and on such further evidence and argument as may be presented prior to or at the time of any hearing on this matter.

DATED: April 26, 2011

THOMAS P. O'BRIEN
KATHERINE F. MURRAY
NICHOLAS BEGAKIS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/
THOMAS P. O'BRIEN

Attorneys for Defendants
HIS HIGHNESS SHEIKH MOHAMED BIN ZAYED AL NAHYAN and GENERAL SAEED HILAL ABDULLAH AL DARMAKI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants respectfully apply to this Court for an order staying this action until such time as this Court has resolved its Order to Show Cause [Docket No. 76] regarding the validity of service of process on Sheikh Mohamed; and the Ninth Circuit has resolved the issues presented in the pending Petition for Writ of Mandamus.

Defendants have argued, since their first appearance in this action, that the Court lacks personal jurisdiction in this matter, both as a matter of due process and as a result of Plaintiff's failure to effect appropriate service of process. *See* Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss [Docket No. 28]. Defendants maintain that this Court lacks jurisdiction and again petition the Court for a stay of these proceedings until such time as these important threshold jurisdictional issues are resolved. Subsequent to Defendants' previous request for a stay of proceedings, the United States filed a Statement of Interest indicating that Plaintiff's service on Sheikh Mohamed was improper and the Ninth Circuit requested further briefing regarding Defendants' Petition for Writ of Mandamus seeking review of this Court's ruling on personal jurisdiction and statute of limitations issues. *See* Statement of Interest [Docket No.75]; Order [Ninth Circuit Docket No. 2].

Defendants now renew their request for a stay on the grounds that the resolution of either the Order to Show Cause or the Petition for Writ of Mandamus could have significant implications relating to this proceeding, including compelling dismissal of this action. A stay is appropriate at this time to avoid the irreparable harm Defendants would suffer unnecessarily if this action is allowed to proceed. *Hunt v. Check Recovery Sys., Inc.*, 2008 U.S. Dist. LEXIS 119717 at *9 (N.D. Cal. June 17, 2008) (granting a stay when defendants would suffer the irreparable harm of continuing with litigation despite the pending appeal).

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

As the Court is aware, Defendants and former Defendant Sheikh Khalifa bin Zayed Al Nahyan ("Sheikh Khalifa") moved to dismiss Plaintiff's Complaint on May 14, 2010 asserting numerous grounds for dismissal including lack of personal jurisdiction and ineffective service of process. [Docket No. 27]. While that motion was pending, the United States filed a suggestion of immunity specifically addressing Sheikh Khalifa's status as head of state of the UAE. [Docket No. 51]. Ultimately, the Court dismissed all claims against Sheikh Khalifa, but denied the motion to dismiss on all grounds as it pertained to Defendants. [Docket No. 53].

Defendants then sought certification for interlocutory review, pursuant to 28 U.S.C. § 1292(b), of certain novel questions concerning personal jurisdiction and equitable tolling of the statute of limitations as it pertains to the Torture Victim's Protection Act. [Docket No. 54]. On October 4, 2010, the Court declined to certify any questions for interlocutory appeal, and as a result declined to stay these proceedings pending any such interlocutory appeal. Defendants then petitioned the Ninth Circuit for a writ of mandamus concerning the personal jurisdiction and statute of limitations issues.

On February 24, 2011, the United States filed a Statement of Interest indicating that Plaintiff's service of the Summons and Complaint on Sheikh Mohamed was invalid because the manner of service violated the Vienna Convention on Diplomatic Relations. [Docket No. 75]. In response, on February 28, 2011 this Court ordered Plaintiff to Show Cause why the Court should not quash service on Sheikh Mohamed. Briefing on this issue is complete; however, the question of the validity of service on Sheikh Mohamed has yet to be resolved by the Court. Furthermore, on March 16, 2011 the Ninth Circuit issued an order requesting briefing on the issues presented in Defendants' Petition for Writ of

Mandamus.[1] The resolution of the Order to Show Cause by this Court and the Petition for Writ of Mandamus by the Ninth Circuit are both likely to have significant impact on these proceedings and may result in the dismissal of this action. This Court has set a trial date of January 10, 2012. Discovery in this matter has commenced. Sheikh Mohamed's responses to Plaintiff's first set of Requests for Admission and Interrogatories are currently due May 5, 2011. Declaration of Thomas P. O'Brien ("O'Brien Decl.") at ¶7. General Saeed's responses to Plaintiff's first set of Requests for Admissions and Interrogatories are currently due May 12, 2011. O'Brien Decl. at ¶8.

Similarly, the parties are now facing a mandatory early mediation deadline of May 31, 2011 as required in this Court's Scheduling Order. [Docket No. 74]. As of May 31, 2011, parties must have completed this early mediation process. If this *ex parte* request for a stay is not granted, Defendants will be forced both to be involved in the discovery process and participate in mediation, despite the fact that dismissal of this case may be imminent, and would invalidate the time and effort expended on discovery and mediation.

On April 18, 2011, counsel for Defendants contacted counsel for Plaintiff, and requested that Plaintiff stipulate to a stay of this action pending the Ninth Circuit's ruling on the Writ of Mandamus and this Court's ruling on the Order to Show Cause. O'Brien Decl. at ¶2. Plaintiff's counsel declined to agree to such a stay, but indicated that he would speak to his client about Defendants' request. *Id.* On April 21, 2011, Plaintiff's counsel called defense counsel and indicated that his client would not support a stay and that he intended to oppose the *ex parte* Application. *Id.*

---

[1] The Ninth Circuit also denied Defendants' request to stay the District Court proceedings.

-3- DEFENDANTS' REQUEST TO STAY PROCEEDINGS

Contact information for counsel for Plaintiff is as follows:
Roger W. Clark, Esq.
The Clark Law Group
11400 W. Olympic Blvd.
Suite 1150
Los Angeles, California 90064
Phone: (310) 478-0077
Facsimile: (310) 478-0099

### III. A STAY OF THIS ACTION SERVES THE INTERESTS OF JUDICIAL ECONOMY

#### A. A Stay is Appropriate Under the Court's Power to Manage Its Docket

To avoid the inefficiencies of litigating a matter in which one of the Defendants may not have been properly served, and where an interlocutory appeal is currently pending, this Court should exercise its inherent authority to control its docket and should grant a stay. *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 81 L. Ed. 153, 158, 57 S. Ct. 163, 166 (1936) (finding that a court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Hunt v. Check Recovery Sys., Inc.*, 2008 U.S. Dist. LEXIS 119717 at *9 (N.D. Cal. June 17, 2008) ("[i]n addition, the Court finds that California district courts frequently issue stays in an action when a [sic] there is a matter pending interlocutory appeal").

A stay of this action would promote judicial efficiency. Should service be quashed the Court will not have proper jurisdiction over one of the two Defendants. Schwarzer & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Ed. (The Rutter Group 2011) §3:19 ("the court cannot exercise jurisdiction until defendant has been served properly under FRCP 4. "). It is therefore inappropriate to allow this action to proceed against Sheikh Mohamed. Any such proceedings will compromise judicial efficiency and expose a high-ranking official of a friendly foreign nation to embarrassing and costly litigation that may ultimately be dismissed. O'Brien Decl. ¶¶3, 4, 5, and 6. Additionally, the

1  pending May 31, 2011 mediation deadline means that without a stay the parties will
2  be forced to participate in the upcoming weeks in mediation, despite the fact that
3  the Court may not have established jurisdiction over Sheikh Mohamed, meaning
4  any mediation involving him would be moot.
5  　　　　　Similarly, the Ninth Circuit's resolution of the Petition for Writ of
6  Mandamus may significantly impact this action.  While briefing on the Petition is
7  complete, that court has yet to render an opinion.  If the Petition is resolved in
8  Defendants' favor, dismissal of this action will be mandated.  As discussed below,
9  it is therefore appropriate for the Court to stay this action in the interests of judicial
10 economy and efficiency until the Petition is resolved.

### B. A Stay Is Also Appropriate Due to the Pending Ninth Circuit Appeal

13 　　　　　In addition to being in the interests of judicial economy, a stay is also
14 appropriate here as a result of the pending Petition for Writ of Mandamus.  *Hilton v.*
15 *Braunskill*, 481 U.S. 770, 776, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987).  In *Hilton*,
16 the Supreme Court laid out a four factor balancing test concerning whether to grant
17 a stay pending appellate review:  (1) whether the applicant is likely to succeed on
18 the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3)
19 whether the issuance of a stay will substantially injure the other parties' interest in
20 the proceedings; and (4) the public's interest in the stay.  *Hilton v. Braunskill,* 481
21 U.S. 770, 776, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987).  All four *Hilton* factors
22 weigh heavily in favor of a stay.

#### 1. Defendants' Appeal Is Likely to Succeed on the Merits

24 　　　　　First, Defendants are likely to succeed on the merits of the appeal,
25 satisfying the first prong of the *Hilton* test.  This aspect of the test has been
26 interpreted to mean that the appeal has presented questions of "first impression on
27 which no binding precedent exists."  *Hunt v. Check Recovery Sys., Inc.*, 2008 U.S.
28 Dist. LEXIS 119717 at *7 (N.D. Cal. June 17, 2008) (stating that the existence of

questions of first impression "satisfies the requirement that the movant is likely to succeed on the merits."); *Pearce v. E.F. Hutton Group Inc.,* 828 F.2d 826, 829 (D.C. Cir. 1987) (discussing the District Court's grant of a stay when claims "raised 'issues . . . of first impression'"). Furthermore, to make such a showing, the defendant need only demonstrate "probable success on the merits." *Colorado River Indian Tribes v. Town of Parker,* 776 F.2d 846, 849 (9th Cir. 1985); *see also Hunt,* 2008 U.S. Dist. LEXIS 119717 at *7 (finding that the existence of a serious legal question shows a reasonable likelihood of success "regardless of whether he has shown a mathematical probability of success.").

Here, Defendants have demonstrated probable success on the merits as required for a *Hilton* stay, due to the existence of two novel and serious legal questions raised in the Petition for Writ of Mandamus. First, this Court's use of the *Calder v. Jones*, 465 U.S. 783, 789, 79 L. Ed. 2d 804, 812, 104 S. Ct. 1482, 1487 (1984), "effects test" to find jurisdiction based on alleged acts and injuries that occurred wholly outside the United States, constitutes a novel application of the effects test not yet recognized by the Ninth Circuit. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129-30 (9th Cir. 2010) (finding the effects test only satisfied when a California law firm engaged in wrongful conduct that placed it in direct competition <u>with</u> California businesses, <u>in</u> California); *Price v. Socialist People's Libyan Arab Jamahiraya*, 294 F.3d 82, 95 (D.C. Cir. 2002) (dicta suggesting that alleged foreign torture of American citizens is not sufficient to establish personal jurisdiction in a U.S. forum). Second, this Circuit has never allowed equitable tolling of the Torture Victims Protection Act in a situation where the tolling is based on a fear of retribution <u>despite</u> the fact that the Plaintiff and his immediate family lived unharmed in the United States during the entire tolling period. Either of these two novel issues would constitute sufficient grounds for a demonstration of success on the merits under the *Hilton* test.

2. **Defendants Will Be Irreparably Harmed Absent a Stay**

Should this case continue forward into the costly and potentially invasive discovery and mediation stages of litigation, Defendants will be irreparably harmed by, (1) having to fund and endure potentially unnecessary litigation, and (2) being exposed to unnecessary discovery and mediation procedures, and the concurrent loss of political goodwill required for effective foreign relations with the UAE.

First, should this matter continue to discovery and mediation, Defendants will suffer the substantial costs of both of these processes as well as the loss of their time, justifying a stay in the interests of economy. Courts have found that "the costs of litigation will generally constitute irreparable harm." *Hunt v. Check Recovery Sys., Inc.*, 2008 U.S. Dist. LEXIS 119717 at *9 (N.D. Cal. June 17, 2008). In *Hunt*, the defendant sought a stay of the district court proceedings, pending the Ninth Circuit Court of Appeals' disposition of two appeals. *Id*. at *2. The first appeal concerned whether a victim of a dishonored check writer could impose both statutory returned check charges and interest on the check writer, and the second involved an appeal of class action cost and certification issues. *Id*. The Ninth Circuit had already held oral argument on the first issue, but no hearing date had been set for the second issue on appeal. *Id*. at *5. In granting the stay based on the two pending interlocutory appeals, the district court emphasized that *Hilton* only requires a showing of "irreparable harm, not *substantial* irreparable harm." *Id*. at *9. The court then went on to hold that the defendant had met its burden of proof regarding irreparable harm, by demonstrating that "it will suffer lost time and money, were the Ninth Circuit to reverse." *Id*. Similarly, Defendants here have shown that should this litigation continue, their attorney's fees will continue to accrue, due to both the pending discovery requests and the mandatory mediation deadline, and they will be required to spend their time defending this case, justifying a stay. O'Brien Decl. ¶¶ 3, 7, 8, and 9.

Furthermore, in order to participate in discovery or in the mediation process, Defendants will need to be involved in the litigation, and thus spend their time and energy in a manner that is not compensable. A finding of irreparable harm is appropriate when there is no mechanism with which to undo the effects that continued litigation would have upon Defendants. *See Zamora v. Virtue*, No. CV08-0093, 2009 U.S. Dist. LEXIS 74392 at *29 (C.D. Cal. Aug. 21, 2009) (upholding the lower court's grant of a stay when the defendant would be "harmed by the cost of litigating claims that may turn out to be non-cognizable as a matter of law."). Ultimately, while litigation costs alone may not constitute irreparable harm, requiring a party to lose the time, effort, and attention necessary to litigate a matter through trial, when the appellate decision might make that effort pointless, merits a stay.

Additionally, should this matter continue while the appeal process is on-going, Sheikh Mohamed, the Crown Prince of Abu Dhabi and Deputy Supreme Commander of the UAE Armed Forces, will be subjected to litigation despite a potential lack of jurisdiction, possibly damaging relations between the U.S. and their critical ally, the UAE. O'Brien Decl. ¶¶ 4, 5, and 6. Sheikh Mohamed is a unique defendant in this regard, as matters that negatively impact him personally, could have deep and long-term affects on foreign relations and policy.[2]

Irreparable harm has been found when damage is done to intangible benefits or assets like foreign relations. *Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841(9th Cir. 2001) (holding that in the context of determining the "irreparable harm" necessary to justify a preliminary injunction, "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."). Similarly to

---

[2] For example, Sheikh Mohamed regularly meets with the highest-ranking members of the United States government, including President Obama, Vice-President Joseph R. Biden, and Secretary of State Hillary Clinton. O'Brien Decl. ¶6.

DEFENDANTS' REQUEST TO STAY PROCEEDINGS

"goodwill," a country's strong "foreign relations" is the type of intangible benefit, the loss of which certainly supports a finding of the possibility of irreparable harm to both Sheikh Mohamed as Crown Prince of Abu Dhabi, and to the United States. Consequently, Defendants have amply demonstrated the possibility of irreparable harm to defendants from the loss of time, loss of effort, loss of funds, and injury to the unquantifiable advantages of foreign relations, justifying the imposition of a stay of proceedings.

### 3. **A Stay Would Not Substantially Injure Other Parties**

Addressing the third *Hilton* factor, a stay would not harm Plaintiff's interests here. Courts have found that a mere delay in proceedings is insufficient prejudice to merit the denial of a stay pending the outcome of an interlocutory appeal. *Eberle v. Smith*, No. 07-CV-0120, 2008 U.S. Dist. LEXIS 6393 at *8-9 (S.D. Cal. Jan. 29, 2008); *C.B.S. Employees Fed. Credit Union v. Lufkin*, 716 F. Supp. 307, 310 (W.D. Ten. 1989) ("the Court notes that delay in trial will inherently impose some disadvantage on plaintiff, [but] the Court does not find this disadvantage equivalent to 'substantial injury'"). Plaintiff waited almost a quarter of a century to bring suit, and has made no showing of any particular exigency in resolving these issues. As such, a stay will have no substantial effect on Plaintiff's rights.

### 4. **Public Interest Favors a Stay**

Finally, in light of the public's interest in maintaining strong foreign relations with the UAE, this factor weighs strongly in favor of granting a stay of the proceedings. *Republic of China v. Nat'l Union Fire Ins. Co.,* 142 F. Supp. 551, 556 (D. Md. 1956) (discussing the United States' refusal to supply information request in discovery, and linking foreign relations to the "public interest of the people of the United States."). Due to the high profile nature of one of the Defendants in this matter, and his important responsibilities, allowing this litigation to continue while the Ninth Circuit appeal is on-going, would have negative impacts on the United

States' relationship with the UAE. O'Brien Decl. ¶5. Furthermore, because a stay would allow resolution of the appeals process without a concurrent trial in the District Court, it will save public funds and thus be in the public interest. *C.B.S. Employees Fed. Credit Union v. Lufkin*, 716 F. Supp. 307, 310 (W.D. Ten. 1989) ("It does not make sense for this Court to expend its time and energy preparing this case for trial . . . only to learn at a later date from the court of appeals that it was not the proper forum to hear the case.")

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay this action pending resolution of this Court's Order to Show Cause regarding service of process on Sheikh Mohamed and the currently pending Petition for Writ of Mandamus.

DATED: April 26, 2011
THOMAS P. O'BRIEN
KATHERINE F. MURRAY
NICHOLAS BEGAKIS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/
THOMAS P. O'BRIEN

Attorneys for Defendants
Sheikh Mohamed Bin Zayed Al Nahyan, and General Saeed Hilal Abdullah Al Darmaki

LEGAL_US_E # 92660998.5