UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 09-01106 DMG (FMOx)** | Date | May 2, 2011 |
|---|---|---|---|

| Title | ***Khaled Al Hassen v. Sheikh Khalifa Bin Zayed Al Nahyan, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER STAYING CASE AND REQUIRING JOINT STATUS REPORT**

On April 26, 2011, Defendants filed an *ex parte* application for stay of the proceedings [Doc. #87].  Defendants seek to stay this action pending (1) a ruling by the Ninth Circuit on Defendants' petition for writ of mandamus (case no. 11-70018) and (2) a ruling by this Court regarding the Government's statement of interest [Doc. #75].  Plaintiff filed an opposition on April 27, 2011 [Doc. #89].

"Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'  There had better be a fire." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Thus, to justify *ex parte* relief, an applicant must make two separate showings.  "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Defendants fail to show why they could not have requested a stay through a regularly scheduled motion.  Their earliest due date for producing discovery responses, May 5, 2011, is more than two months after the Government filed its statement of interest, more than six weeks after the Ninth Circuit denied Defendants' request for stay in connection with their petition for writ of mandamus, and more than a month after Plaintiff served his discovery request on Defendant Sheikh Mohamed.  "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . ." *Mission Power*, 883 F. Supp. at 493 (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).

Notwithstanding the Court's frustration with Defendants' failure to file a noticed motion, the Court must address the merits of the request for a stay.

---

CV-90                                   **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk <u>vv</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 09-01106 DMG (FMOx)** | Date | May 2, 2011 |
|---|---|---|---|

| Title | *Khaled Al Hassen v. Sheikh Khalifa Bin Zayed Al Nahyan, et al.* | Page | 2 of 2 |
|---|---|---|---|

The Government, in its statement of interest, requests that the Court quash service on Defendant Sheikh Mohamed—a request which, if granted, would terminate (even if only temporarily) the proceedings against him. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986))). Stays of discovery are commonly issued while a court is deciding a preliminary issue such as service and/or personal jurisdiction. *See Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)) (emphasis in *Turner* omitted); *see also* 8A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2040 (3d ed. 2010) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved.").

The slight harm to Plaintiff from delaying discovery (in the event the Court denies the Government's request) is starkly outweighed by the prejudice that Defendant Sheikh Mohamed would incur if forced to litigate this action without having been properly served (in the event the Court grants the Government's request). Moreover, it is the Government's position that "an assertion of jurisdiction [over Defendant Sheikh Mohamed] could hinder diplomatic relations between the United States and other nations in a number of ways." (Statement of Interest ¶ 11.) Thus, the Court must also consider the potential prejudice to the United States in allowing discovery to proceed if personal jurisdiction is lacking.

In view of these various interests, the Court has determined that a stay is appropriate pending a decision on the Government's statement of interest. Therefore, this action is hereby **STAYED** until further order of the Court. The parties shall file a joint status report within five days of the conclusion of the proceedings before the Ninth Circuit. Defendants shall avoid misuse of the *ex parte* application process in the future.

**IT IS SO ORDERED.**